UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON ANTONIO
ALVAREZ-FIGUEROA,

    Petitioner,

v.

                                          Civil Case No.: 8:13-cv-394-T-24 EAJ
                                          Criminal Case No.: 8:06-cr-452-T-24 EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause comes before the Court on Petitioner's Motion for Modification of Sentence, which this Court construes as a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 208).  Because review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.  28 U.S.C. § 2255(b).

**I.  Background**

On December 18, 2006, Petitioner pled guilty, pursuant to a plea agreement, to Count One of the Indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 70506(b) and 21 U.S.C. § 960(b)(1)(B)(ii).  (CR Doc. No. 51, 80).  Petitioner did not contest the factual basis contained in the plea agreement, which included the following:

> On or about October 25, 2006, two United States Coast Guard Law Enforcement Detachments (LEDETs) . . . located the Honduran-flagged vessel MISS EDITH, 160 nautical miles northwest of the Guajira Peninsula, in international waters. . . . The LEDETs discovered 6,150 pounds (123 bales) of cocaine hidden in a secret compartment. . . . The defendant was serving aboard MISS EDITH at the time of the boarding. He knew the cocaine was present and agreed to serve on the MISS EDITH knowing that he was to assist in the illegal smuggling venture.

(Doc. No. 51, p. 12).

Petitioner was sentenced on March 23, 2007 to 188 months of imprisonment, and the judgment was entered against Petitioner the same day. (CR Doc. No. 123, 126). Petitioner appealed his conviction and sentence, but the Eleventh Circuit dismissed his appeal on August 9, 2007 due to the valid appeal waiver contained in his plea agreement. (CR Doc. No. 133, 155).

**II.  Section 2255 Motion**

In January of 2013, Petitioner's motion for modification of sentence, which this Court construed as a 28 U.S.C. § 2255 motion, was filed. Petitioner argues in the motion that the Court lacked jurisdiction to convict and sentence him, and as such, his conviction and sentence should be vacated. In support of this contention, Petitioner cites the Eleventh Circuit's opinion in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). However, because his motion is untimely and lacks merit, it must be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

>  (1)  the date on which the judgment of conviction becomes final;
>  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

>                  such governmental action;
> (3)        the date on which the right asserted was initially recognized by the
>            Supreme Court, if that right has been newly recognized by the Supreme
>            Court and made retroactively applicable on collateral review; or
> (4)        the date on which the facts supporting the claim or claims presented could
>            have been discovered through the exercise of due diligence.

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner was sentenced and judgment was entered on March 23, 2007. Petitioner appealed his conviction, and the appeal was dismissed on August 9, 2007. Petitioner did not seek certiorari review of the dismissal, and as such, his conviction became final 90 days later on November 7, 2007.

Pursuant to 28 U.S.C. § 2255(f)(1), Petitioner had one year from November 7, 2007 within which to file his § 2255 motion. Petitioner's § 2255 motion was not filed until January of 2013. As such, Petitioner's motion is time-barred unless Petitioner can show that he is entitled to a later filing date pursuant to 28 U.S.C. § 2255(f)(2) - (4). To the extent that Petitioner relies on the Eleventh Circuit's November 6, 2012 opinion in United States v. Bellaizac-Hurtado to restart the one-year limitations period, such an argument is rejected. Because the Bellaizac-Hurtado opinion is an opinion of the Eleventh Circuit, and not an opinion of the Supreme Court, it cannot serve as a basis to restart the one-year limitations period. See Vargas v. U.S., 2013 WL 424362, at *1 (M.D. Fla. Feb. 4, 2013).

Even if Petitioner's motion was timely, it would still be denied on the merits, because Petitioner's reliance on Bellaizac-Hurtado is misplaced. In that case, a panel of the Eleventh Circuit ruled, in an unpublished opinion, that the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506, was unconstitutional as applied to the drug-trafficking activities

of the defendants in that case, which occurred in the territorial waters of Panama. See Bellaizac-Hurtado, 700 F.3d at 1258. The panel reasoned, "[b]ecause drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." Id.

Bellaizac-Hurtado is factually distinguishable from the instant case because it concerns Congress's ability to proscribe drug-trafficking activity in territorial waters, particularly the territorial waters of Panama. In his § 2255 motion, Petitioner states that he was detained on the high seas, within approximately 20 miles of Venezuala, South America. However, Petitioner did not contest the facts in his plea agreement that he was arrested in *international* waters 160 nautical miles northwest of the Guajira Peninsula. (CR Doc. No. 51, p. 12. As explained by the Eleventh Circuit, the United States generally recognizes the territorial waters of foreign nations up to twelve nautical miles adjacent to their coasts:

> In United States v. Marino–Garcia, we concluded that "international law permits any nation to subject stateless vessels on the high seas to its jurisdiction," and, consequently, that "all persons aboard vessels engaged in drug trafficking that [fail] to unmistakably accede to the authority of a single sovereign while traversing the high seas [are] subject to the criminal jurisdiction of the United States." 679 F.2d 1373, 1383–84 (11th Cir.1982); see also 33 C.F.R. § 2.05–1 (defining "high seas" (with exceptions not relevant here) as "all waters which are neither territorial seas nor internal waters of the United States or of any foreign country"); 33 C.F.R. § 2.05–5(b) (defining "territorial seas" of foreign countries as "waters within the belt that is adjacent to its coast and whose breadth and baseline are recognized by the United States"). The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts. See United States: Proclamation on an Exclusive Economic Zone, 22 I.L.M. 461, 462 (March 10, 1983) ("The United States will respect only those territorial sea claims of others in excess of 3 nautical miles, to a maximum of 12 nautical

4

> miles, which accord to the U.S. its full rights under international law in the territorial sea."); United States Ocean Policy, Statement by President Reagan, 22 I.L.M. 464, 464 (March 10, 1983) ("[T]he United States will recognize the rights of other states in the waters off their coasts, as reflected in the [United Nations Convention on the Law of the Sea], so long as the rights and freedoms of the United States and others under international law are recognized by such coastal states."); see also United Nations Convention on the Law of the Sea, Dec. 10, 1982, 21 I.L.M. 1245, 1272, Part II § 2, Art. 3 ("Every State has the right to establish the breadth of its territorial sea up to a limit not exceeding 12 nautical miles, measured from baselines determined in accordance with this Convention.").

U.S. v. McPhee, 336 F.3d 1269, 1273 (11th Cir. 2003)(footnotes omitted). Thus, Bellaizac-Hurtado is factually distinguishable and does not support Petitioner's argument that his conviction should be vacated.

### III. Conclusion

Accordingly, Petitioner's motion to vacate sentence is **DISMISSED** as untimely. The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of February, 2013.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner